Lover, Strouse & Co. *v.* Bessenger.

LOVER, STROUSE & CO. *et als. v.* SIMON BESSENGER AND WIFE.

1. BILLS AND NOTES. *Mortgage. Renewal of note secured by.* If a mortgage is given to secure a note, and at the maturity of the note it is renewed, the renewal does not release the mortgage unless such is clearly shown to be the intention of the parties.

2. SAME. *Homestead. Voluntary alienation of.* When a husband and wife execute a conveyance, and the same is acknowledged as required by law, they part with their right of homestead, although the deed may contain no *express* stipulation conveying the homestead.

FROM KNOX.

Appeal from the Chancery Court.    O. P. TEMPLE, Chancellor.

C. E. LUCKY for complainants.

L. A. GRATZ for defendant.

LEA, Special J., delivered the opinion of the court.

On the 28th of March, 1871, defendants, S. Bessenger and wife Sarah, executed a deed of trust on four houses and lots in the city of Knoxville, to secure certain debts due from Simon Bessenger to complainants. Aaron Gaus, a complainant in this cause, was made trustee. The trust was not to be foreclosed until after the expiration of one year from the date thereof. On the 28th of January, 1874, this bill was filed by complainants—the trustee and unpaid creditors secured in the trust deed—to have the same foreclosed. The defendants answered the bill and, among other things not necessary to notice, S. Bessenger insists that since the execution of said trust deed, he has paid the greater portion of the debts secured therein, and the defendant Sarah answers that her signature to the trust deed was obtained from her, in utter ignorance on her part that by such signature she was conveying away from herself and children the right of homestead; that there was nothing in the deed of trust to call her attention to the fact that she was conveying her homestead, and she insists that the deed does not contain sufficient matter to deprive her of a homestead; that the deed on its face must bear clear and distinct evidence of the intention of the wife of the grantor to convey away her right to a homestead, before the deed can have such effect in law.

The property mentioned in the deed of trust was sold by consent of parties, reserving the question of Mrs. Bessenger's right to a homestead fund out of the

proceeds of the sale.   A reference was had to the
clerk and master to report what sum was due to each
of complainants.   The report was made, exceptions
were by the defendants.   Upon the final hearing of
the cause, the chancellor overruled the exceptions, con-
firmed the report and decreed that Mrs. Bessenger was
not entitled to homestead; from which decree the de-
fendants have appealed.

The first question presented is upon the exceptions
of the defendants to the master's report.   Only the
first exception is relied upon in the argument here,
and is in effect that the clerk, in his report, stated
that there was due Jno. B. Ellison & Sons the sum
of $926.16;   to Gaus, Welgus & Co., $1,558.72;   to
Arnold, Mesbaum & Midlinger, $1,315.45, when the
proof showed that the same was allowed upon notes
executed subsequent to the deed of trust.   The notes
to these parties bear date in March, 1872, twelve
months after the date of the deed of trust, but it is
admitted by agreement of counsel, which is on file,
that these notes were executed for indebtedness secured
by the trust deed, and indeed some of the notes on
their face recite that they were for indebtedness se-
cured by the trust deed.

It is claimed by the defendants that because these
notes bear date one year after the trust deed, they are
a novation or payment of the original indebtedness,
and the trust deed thereby released to that extent.

The execution of a note in settlement of a previ-
ous indebtedness is not a payment unless such was the
intention of the parties.   Parsons on Bills and Notes,

vol. 2, pp. 150–159; 1 Cranch, 181; 10 Peters, 532. In this case there is no proof of any such intention, and we certainly cannot assume, in the absence of proof, that the creditor would abandon his security of the trust deed and take a note without security in payment of his indebtedness. If a mortgage is given to secure a note, and at the maturity of the note it is renewed, the renewal will not release the mortgage. Mr. Parsons says: "It may be regarded as established, that if a note be secured by a mortgage, and the mortgagor at its maturity give a new note, which is regarded by him and the mortgagee as a renewal of the old note and even repeat this many times, still the original debt is not paid so as to discharge or affect the mortgage, nor will that be discharged unless by payment in money of the first note with interest, or some other payment which the parties agree upon as satisfying the mortgage." Parsons on Bills and Notes, vol. 2., p. 219. If a mortgage be given to secure an indebtedness due by account and afterwards a note is executed for said indebtedness, the mortgage is not satisfied, unless such is clearly shown to be the intention of the debtor and creditor. As before stated, the other exceptions to the report are not insisted upon and are without merit.

The only remaining question in the cause is as to the right of defendant, Sarah Bessenger, to a homestead of $1,000 out of the funds arising from the sale of the trust property. The deed of trust conveys the land therein described to a trustee with power of sale, to satisfy the debts of S. Bessenger to complainants,

and was executed by Bessenger and his wife and acknowledged as required by law. It is insisted that because the word *homestead* is not mentioned in the deed, that the court will not presume that she parted with that right. Our statute is, that a homestead shall exist in the head of a family, "provided that said real estate shall not be alienated without the joint consent of the husband and wife, where that relation exists, to be evidenced by conveyance duly executed, as required by law for married women." This deed is executed in strict compliance with the requirements of the law. And the statute does not require that anything shall be said in the deed about homestead, but only that the conveyance shall be by joint consent. The statute is a sufficient protection for the married woman; she had no other right in the property but homestead, and she could not be mistaken as to what she was conveying, when she signed the deed. We are therefore of opinion that when a husband and wife execute 'a conveyance and the same is acknowledged as required by law, they part with their right of homestead, although the deed contains no express stipulations conveying the homestead.

The decree of the chancellor is affirmed with costs.